E-FILED
Tuesday, 14 February, 2006  10:01:19 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS, ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT MYERS, as administrator of the estate of KEITH MYERS, deceased, <br><br> Plaintiff, <br><br> vs. <br><br> BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY and ALLIANT ENERGY CORPORATION, <br><br> Defendants. | Civil Action No.: 06-4006 <br><br> TRIAL BY JURY DEMANDED |

FILED
FEB 13 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**COMPLAINT**

NOW COMES the Plaintiff, ROBERT MYERS as administrator of the estate of KEITH MYERS, deceased, by and through his attorneys, HOEY & FARINA, and for his Complaint against Defendants, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY and ALLIANT ENERGY CORPORATION, states:

**COUNT I**
**FELA**

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56 and Title 28 U.S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employer's Liability Act, 45 U.S.C. sec. 51 et seq.

3. Defendant, Burlington Northern Santa Fe Railway Company (BNSF), at all times operated a railroad system as a common carrier of freight in interstate commerce.

4. At all pertinent times, Defendant BNSF owned, managed, maintained and used as a portion of its railroad system a certain railroad yard located at or near Galesburg, Illinois.

5. On and before December 4, 2005, Keith Myers was an employee of Defendant.

6. On December 5, 2005 at approximately 6:00 to 6:15 a.m., Keith Myers was on duty as a conductor in the course of his employment by Defendant BNSF involved in shoving of a train into the Alliant Energy plant in Burlington, Iowa.

7. At all pertinent times, Keith Myers was performing work for Defendant BNSF in connection with or in furtherance of that Defendant's business of interstate commerce and transportation.

8. In the course of his duties as a conductor at that time Keith Myers was required to and did, ride the side ladder of a railroad car during the aforesaid shoving movement.

9. There was only approximately 5 to 6 inches of clearance between the railroad car on which Keith Myers was riding and the steel beam supporting the tower.

10. It was the continuing duty of Defendant BNSF, as employer, at that time and place, to use ordinary care under the circumstances to furnish Keith Myers with a reasonably safe place to work and to comply with the Federal Regulations regarding railroad safety.

11. In violation of its duty, Defendant BNSF negligently and carelessly failed to provide Keith Myers with a safe place to work by committing one or more of the following negligent acts or omissions:

   a. Placed Keith Myers in a position where inadequate clearance did not allow for safe movement when riding on a railroad car;

   b. Negligently and carelessly failed to post adequate warnings of unsafe clearances;

   c. Negligently and carelessly failed to properly train Keith Myers;

   d. Negligently and carelessly failed to provide adequate lighting;

   e. Negligently and carelessly failed to provide illuminated signing warning of the close clearance;

   f. Violated Ch. 49 C.F.R. § 220.45; and

   g. Violated Ch. 49 C.F.R. § 220.49.

12. Defendant BNSF's failure to provide Keith Myers with at safe place to work, by one or more of the foregoing acts or omissions caused, in whole or in part, Keith Myers' injury and death.

13. As a consequence, Keith Myers incurred injuries which caused him great pain and suffering.

14. As a further consequence Keith Myers died of his injuries on December 5, 2005.

15. As a result of his death Keith Myers' minor children have been deprived of his financial support and services, and his instruction, moral training and superintendence of education.

16. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, ROBERT MYERS AS ADMINISTRATOR OF THE ESTATE OF KEITH MYERS, DECEASED, demands judgment in his favor and against Defendant, BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY, in the sum of Five Million Dollars ($5,000,000) plus the costs of this action.

## COUNT II
### (NEGLIGENCE – SURVIVAL ACTION – WRONGFUL DEATH)

1. The Defendant Alliant Energy Corporation is a company which does business in the Central District of Illinois.

2. On or prior to December 5, 2005, Defendant Alliant Energy contracted with Defendant BNSF to provide railroad service to the Alliant Energy Plant in Burlington, Iowa.

3. On December 5, 2005 the Defendant Alliant Energy owned, operated and maintained railroad tracks and a railroad tower at its plant in Burlington, Iowa.

4.  On December 5, 2005 Keith Myers was a business invitee of the Defendant Alliant Energy at its plant in Burlington, Iowa and was servicing that plant by bringing in railroad cars.

5.  Prior to December 5, 2005 the Defendant Alliant Energy knew, or in the exercise of reasonable care should have known that railroad employees servicing its plant rode on the sides of railroad cars in the normal course of their duties and that the distance between those railroad cars and the supporting steel beams of the Defendant's railroad tower was insufficient to provide safe clearance.

6.  On December 5, 2005 at approximately 6:00 – 6:15 a.m. Keith Myers was shoving railroad cars on the Defendant's track at the Defendant's Burlington Iowa Plant, while riding on the side ladder of a railroad car.

7.  At that time and place Keith Myers was crushed between the railroad car on which he was riding and a steel beam supporting Defendant's overhead railroad tower.

8.  The Defendant Alliant Energy Corporation owed Keith Myers the duty of reasonable care in providing a reasonably safe place to work.

9.  The Defendant Alliant Energy breached its duty to Keith Myers by one or more of the following negligent acts or omissions:

   a.  Negligently and carelessly failed to provide adequate warnings to Keith Myers of the close clearance;

   b.  Negligently and carelessly provided Keith Myers with an unreasonably close clearance when it knew or should have known that trainman rode the side ladders of railroad cars at or near that location; and

   c.  Negligently and carelessly provided inadequate lighting for Keith Myers to see the close clearance.

10. As a direct and proximate result of the negligence of Alliant Energy Corporation Keith Myers died when he was crushed between the railroad car in which he was riding and a steel beam supporting Defendant's overhead railroad tower.

11. As a result of being crushed Keith Myers experienced conscious pain and suffering before his death.

12. As a result of the death of Keith Myers His minor children have been deprived of his parental consortium, and have lost his financial support and the costs of health care.

WHEREFORE, the Plaintiff, ROBERT MYERS, as administrator of the estate of KEITH MYERS, deceased, PRAYS FOR JUDGMENT AGAINST Defendant Alliant Energy Corporation in the sum of Five Million Dollars ($5,000,000) together with the costs of this action.

Respectfully submitted,

James L. Farina
Attorney for Plaintiff

HOEY & FARINA
Attorneys at Law
542 S. Dearborn, Suite 200
Chicago, Illinois
(312) 939-1212